IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IVAN THOMPSON,<br><br>**Plaintiff,**<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>**Defendant.** | **RULING & ORDER**<br><br>Case No. 2:25-cv-00311<br><br>District Court Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant State Farm Mutual Automobile Insurance Company's ("Defendant" or "State Farm") Motion to Strike portions of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f).[1] For the reasons stated, the court grants Defendant's Motion in part.

## BACKGROUND

On August 23, 2021, Plaintiff Ivan Thompson ("Plaintiff" or "Thompson") was driving a vehicle in Sunset, Utah when another driver failed to stop at a red light and collided with Thompson's vehicle.[2] As a result of the collision, Thompson suffered personal injuries and impairments, including pain in his left shoulder, pain in his right knee, spondylosis with myelopathy in his cervicothoracic region, cervical disc disorder with myelopathy, radiculopathy in his lumbar region, segmental and somatic dysfunction of his head, cervical, thoracic, lumbar,

---

[1] ECF No. 4, Defendant's Motion to Strike; Fed. R. Civ. P. 12(f). This motion is referred to Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Ted Stewart. *See* ECF No. 15, Notice of Non-Consent.

pelvic, and rib cage regions, headaches, ligamental sprains in his cervical and thoracic spine regions, muscle, fascia, and tendon strains in his neck and ligament sprain in his right knee.[3]

In August 2023, Thompson settled with the at fault driver's insurance carrier for $25,000.00.[4] Because that driver was underinsured, Thompson sought coverage for his remaining medical bills and other damages under his Underinsured Coverage and Personal Injury Protection Coverage ("UIM Policy") issued by State Farm.[5] State Farm, however, made "an offer substantially below the injuries and losses Thompson suffered and continues to suffer."[6] As a result, Thompson filed the current action against State Farm alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[7]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[8] A matter may be stricken by the court on its own or upon a motion made by a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[9]

---

[2] ECF No. 2-1, Complaint at ¶¶ 32-35.

[3] *Id.* at ¶¶ 36-37.

[4] *Id.* at ¶ 38.

[5] *Id.* at ¶ 39. UIM coverage is insurance coverage that pays for injuries, and, in some circumstances, property damage caused by underinsured drivers. *See Id.* at ¶ 20.

[6] *Id.* at ¶ 43.

[7] *Id.* at ¶¶ 49-59.

[8] Fed. R. Civ. P. 12(f).

[9] *Id.*

Motions to strike are generally disfavored and considered to be a drastic remedy.[10] For purposes of striking, a matter is considered immaterial to a pleading "if it has no essential or important relationship to the claim for relief or the defenses being pleaded."[11] In determining whether to strike redundant, impertinent, immaterial or scandalous matter under Rule 12, the "court possesses considerable discretion."[12]

## ANALYSIS

State Farm moves to strike paragraphs 6-12 of Plaintiff's complaint under Rule 12. Those paragraphs read as follows:[13]

*The Insurance Industry*
6. The insurance industry is a big business. In fact, the U.S. insurance industry routinely collects over $1 trillion in premiums annually.
7. The U.S. insurance industry has assets worth more than the GDPs of most countries in the world.
8. Insurance companies profit by retaining premiums and not paying on claims. Accordingly, insurance companies, deny, delay, defend—do anything, in fact to avoid paying claims.

*State Farm Insurance Company*
9. For its part, State Farm is a large and very profitable company.
10. In 2024 State Farm boasted a net worth of $145.2 billion.
11. In 2024 State Farm issued a record $122 billion in new policy volume.

---

[10] *See Tiscareno v. Frasier,* 2012 U.S. Dist. LEXIS 55553, at *37 (D. Utah Apr. 19, 2012) (citing *Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000) ("[S]triking a party's pleading is an extreme measure, and, as a result, we have previously held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.")); *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 821 (7th Cir. 2001) ("We . . . take this opportunity to advise . . . against moving to strike extraneous matter unless its presence in the [pleading] is actually prejudicial . . . .").

[11] *R.M. v. Scottsdale Ins. Co.,* 2020 U.S. Dist. LEXIS 94631, at *5 (D. Utah May 29, 2020) (quoting *Rees v. PNC Bank, N.A.,* 308 F.R.D. 266 (N.D. Cal. 2015).

[12] *Id.* (citing § 1382 "Motion to Strike---Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3rd ed.)).

[13] Plaintiff's footnotes, citing to reports and statistics in support of the claims set forth in paragraphs 6-12 of the complaint, are not included here.

  12. In 2023 State Farm collected total revenue of $123 billion.

Defendant asserts paragraphs 6-8 should be stricken because they contain allegations against the insurance industry as a whole and are irrelevant to Plaintiff's specific claims against State Farm.[14] Likewise, Defendant contends paragraphs 9-12 should be also stricken because the allegations set forth therein, regarding State Farm's size and profitability, will be highly prejudicial to a jury.[15] Thompson, on the other hand, argues the contested paragraphs are not prejudicial and are material to Plaintiff's claims because they address State Farm's motives and its ability to pay under Plaintiff's UIM Policy.[16]

Recently, in the case of *Gillespie v. Mutual of Enumclaw Insurance Company,* this court addressed a nearly identical issue with respect to paragraphs 6-12 of Plaintiff Irina Gillespie's complaint.[17] In *Gillespie,* when faced with indistinguishable allegations, this court struck paragraphs 6-8 as immaterial and prejudicial, but allowed paragraphs 9-12 to remain. Here, the court rules the same. Specifically, in reliance on Rule 12, the court strikes paragraphs 6-8 of Thompson's complaint. Paragraphs 6-8 improperly "focus on the insurance industry and allegations about its practices and procedures" and are "immaterial to the claims and defenses in this matter."[18] The allegations are also "prejudicial because they confuse the issues, placing the focus on the insurance industry instead of the particular facts of this case."[19] In turn, the court denies Defendant's motion to strike paragraphs 9-12 of Thompson's complaint, finding that

---

[14] ECF No. 4, Defendant's Motion to Strike; ECF No. 12, Reply In Support of Defendant's Motion to Strike.

[15] *Id.*

[16] ECF No. 9, Opposition to Defendant's Motion to Strike.

[17] *Gillespie v. Mutual of Enumclaw Insurance Co.,* 2023 U.S. Dist. LEXIS 54468 (D. Utah March 28, 2023); *see* ECF No. 12 at 2 (comparing allegations at paragraphs 6-12 in *Gillespie* with *Thompson* cases).

[18] *Id.* at *6.

these paragraphs relate to Plaintiff's punitive damages claim and are not inflammatory or prejudicial to the Defendant.[20]

## **ORDER**

For the reasons stated, State Farm's Motion to Strike is GRANTED IN PART and DENIED IN PART.[21] Paragraphs 6-8 of Plaintiff's complaint are stricken and paragraphs 9-12 of Plaintiff's complaint remain.

SO ORDERED this 15th day of May, 2025.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[19] *Id.*

[20] *Id.*

[21] ECF No. 4.